UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>  v.<br><br>CURTIS DICKSON,<br><br>  Defendant. | No. 1:15-cr-00252-DAD<br><br>ORDER GRANTING DEFENDANT DICKSON'S MOTION FOR REDUCTION OF SENTENCE UNDER 18 U.S.C. § 3582(c)(2) IN PART<br><br>(Doc. Nos. 23, 37) |

On January 8, 2024, defendant Curtis Dickson filed a *pro se* motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) based on Amendment 821 to the U.S. Sentencing Guidelines. (Doc. No. 23.) On January 17, 2024, the motion was referred by minute order to the Office of the Federal Defender ("FDO") for possible assumption of representation. (Doc. No. 24.) On February 5, 2024 appointed counsel appeared on behalf of defendant in connection with the pending motion. (Doc. Nos. 25, 26.)[1]  On June 18, 2024, appointed counsel filed a motion to reduce defendant's sentence pursuant to 18 U.S.C. § 3582(c)(2) based on Amendment 821 to the U.S. Sentencing Guidelines. (Doc. No. 37.) On August 2, 2024, the government filed its opposition to defendant's motion. (Doc. No. 38.) On August 16, 2024, defendant filed a reply.

/////

---

[1] On April 15, 2024, this case was reassigned to the undersigned. (Doc. No. 31.)

1

1  (Doc. No. 39.)  Finally, on October 21, 2024, defendant filed a *pro se* notice with the court
2  regarding his time credits.  (Doc. No. 40.)

3  For the reasons explained below, the court will grant defendant's pending motion to
4  reduce his sentence in part.

**BACKGROUND**

6  On March 21, 2016, pursuant to a plea agreement, defendant Dickson entered a plea of
7  guilty to a one-count Indictment charging him with assault on federal correctional officers in
8  violation of 18 U.S.C. § 111(a)(1) & (b).  (Doc. Nos. 14, 15, 17 at 4.)

9  The presentence report ("PSR") prepared in defendant's case calculated his total offense
10 level as 24 and his criminal history category as III (based on a finding of a criminal history score
11 of 3 due to a prior convictions, plus 2 for committing the instant offense while under a criminal
12 justice sentence for a total of 5), resulting in an advisory sentencing guidelines range calling for a
13 term of imprisonment between 63 and 78 months.  (Doc. No. 17 at 3, 7, 13.)  At the sentencing
14 hearing on June 13, 2016, the court adopted those findings as true and correct and sentenced
15 defendant to a 63-month term of imprisonment to run consecutively to any undischarged term of
16 imprisonment being served and with a 36-month term of supervised release to follow.  (Doc. No.
17 19.)  The court entered judgment on June 15, 2016.  (Doc. No. 20.)

18 Defendant Dickson contends that he is eligible for a reduction of his sentence based on
19 Part A of Amendment 821 and U.S.S.G § 4A1.1(e).  (Doc. No. 37 at 1–3.)  That new provision
20 reduced the number of criminal history points for defendants who had received "status points"
21 under U.S.S.G. § 4A1.1 because they had committed their offense while under a criminal justice
22 sentence and allowed for a reduction of their sentence if otherwise eligible for that relief.
23 Specifically, defendant Dickson argues that now, under U.S.S.G. § 4A1.1, he would not receive
24 any status points for having committed the offense of conviction while under a criminal justice
25 sentence.  (Doc. No. 37 at 2–3.)  With that adjustment, defendant Dickson contends that he would
26 have only 3 criminal history points, his criminal history category would be II, and the applicable
27 advisory sentencing guideline range would call for a term of imprisonment of between 57-71
28 months in this case.  (*Id.*)  In light of the government's recommendation at the time of his original

2

sentencing that he receive a low end guideline range sentence, defendant requests that the court now reduce his sentence in this case to a 57-month term of imprisonment. (Id. at 3, 5–6.)

## ANALYSIS

"A federal court generally 'may not modify a term of imprisonment once it has been imposed.'" *United States v. Aruda*, 993 F.3d 797, 799 (9th Cir. 2021) (quoting *Dillon v. United States*, 560 U.S. 817, 819 (2010)); *see also* 18 U.S.C. § 3582(c); *United States v. Tadio*, 663 F.3d 1042, 1046 (9th Cir. 2011); *United States v. Barragan-Mendoza*, 174 F.3d 1024, 1028 (9th Cir. 1999) ("[D]istrict courts do not have 'inherent authority' to reconsider sentencing orders."). "But this general rule is subject to several exceptions[.]" *United States v. Keller*, 2 F.4th 1278, 1281 (9th Cir. 2021). One of those exceptions is found in 18 U.S.C. § 3582(c)(2), which provides:

> in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2).

District courts are to engage in a "two-step inquiry" in determining whether a sentence reduction is appropriate under 18 U.S.C. § 3582(c)(2). *United States v. Brito*, 868 F.3d 875, 879 (9th Cir. 2017) (citing *Dillon*, 560 U.S. at 826). "First, a district court must determine whether a prisoner is eligible for a sentence reduction under the Commission's policy statement in § 1B1.10." *Id.* (citing *Dillon*, 560 U.S. at 827). "Second, a district court must 'consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case.'" *Id*. (quoting *Dillon*, 560 U.S. at 827). The Ninth Circuit has "called these steps the 'eligibility prong' and the 'discretionary prong.'" *Id*. (quoting *United States v. Dunn*, 728 F.3d 1151, 1157 (9th Cir. 2013)).

/////

/////

3

1    As noted, defendant Dickson asserts that he is eligible for a reduction of his sentence
2 based on Part A of Amendment 821. (Doc. No. 37 at 1–3.)[2] The government concedes that
3 defendant is technically eligible for a sentence reduction under Part A of Amendment 821 and
4 U.S.S.G § 4A1.1(e), but argues that the court should exercise its discretion to deny his motion due
5 to the serious nature of his offense of conviction, and his history and characteristics including his
6 post-offense conduct during his incarceration. (Doc. No. 38 at 1–3.) The government contends
7 that granting a reduction of sentence in this case would be inconsistent with the factors set forth at
8 18 U.S.C. § 3553(a), noting both the very serious nature of the assault conviction in this case and
9 defendant Dickson's extensive disciplinary record during his long period of confinement. (*Id*. at
10 5–8.) Defendant counters that, although serious, his prison disciplinary history ended in 2018,
11 now almost seven years ago, and must be considered in context since his incarceration history
12 began at the age of 17. (Doc. No. 39 at 2.) In short, the defendant argues that the evidence now
13 before the court establishes that he has changed. (*Id*.)

14    It is undisputed that defendant Dickson qualifies for a reduction of his sentence in this
15 case. The question here is whether, balancing the relevant considerations, such a reduction is
16 warranted and appropriate. The offense of conviction was a very serious one, involving the
17 defendant's assault on two federal correctional officers sending both to the hospital, where one
18 had to be admitted for treatment of the injuries inflicted. (Doc. No. 17 at 4.) Nonetheless,
19 pursuant to the plea agreement, at the time of defendant's original sentencing the government
20 recommended a low end of the guideline range sentence. In addition, it is also true that
21 defendant's prison disciplinary history is quite serious and reflects his violent tendencies.
22 However, in reply, the defense has come forward with information that does strongly suggest that

---

[2] Although defendant does not seek a sentence reduction pursuant to Part B of Amendment 821, it is clear that he is ineligible for relief under that provision. Part B of Amendment 821 reduces the guideline offense level for those defendants who had no criminal history points—so-called zero-point offenders. However, as noted above, defendant's PSR reflects that he was found to have 3 criminal history points based upon his prior criminal convictions. Accordingly, defendant is also ineligible for a reduction of his sentence under U.S.S.G. § 4C1.1. *See United States v. Ceasar*, No. 19-402-03, 2024 WL 3729857, at *2 (E.D. Pa. Aug. 8, 2024) ("Even one criminal history point renders a defendant ineligible for a reduction in sentence under U.S.S.G. § 4C1.1.").

defendant Dickson has made strides toward rehabilitation over approximately the last seven years of his incarceration. The court finds that defendant's total offense level is 24 and his criminal history category is now II, resulting in an advisory sentencing guideline range calling for a term of imprisonment of between 57-71 months. Balancing the relevant factors discussed above, the court will grant the defendant's motion in part and reduce his sentence to a 60-month term of imprisonment to be served consecutively to any undischarged term of imprisonment and with all the same terms and conditions originally imposed to remain in effect.

Defendant Dickson has also moved for an order granting him time credit toward his sentence in this case for the approximate eight months he remained in custody between his being ordered detained and his original sentencing on June 13, 2016. (Doc. Nos. 37 at 6; 40.) However, when he filed his motion, the defendant was incarcerated at USP Hazelton in West Virginia where, according to the BOP Inmate Locator, he remains in custody today. A prisoner challenging the manner of a sentence's execution may seek relief pursuant to 28 U.S.C. § 2241 but the proper venue for such a petition is in the custodial court where the prisoner is confined. *See Braden v. 30th Jud. Cir. Ct. of Ky.*, 410 U.S. 484, 495 (1973); *Hernandez v. Campbell,* 204 F.3d 861, 864 (9th Cir. 2000); *see also United States v. Lee*, No. 22-cr-06031-FPG, 2023 WL 3017279, at *2 (W.D.N.Y. Apr. 20, 2023) (denying a defendant's request that she be granted time credits under the FSA in part because the proper venue for any such petition brought under § 2241 was the district where the defendant was confined as opposed to the sentencing district). USP Hazelton lies in the Northern District of West Virginia and venue over any challenge defendant Dickson wishes to bring as to the manner in which the BOP is awarding and applying time credits in his case currently lies in that district.[3]

/////

/////

---

[3] The undersigned does note, however, that both at the time of defendant Dickson's original sentencing and in this order granting a reduction of that sentence, the term of imprisonment imposed in this case was specifically run consecutive to any undischarged term of imprisonment. Thus, it would appear clear that defendant was not entitled to credit toward more than one sentence during any time of his incarceration.

**CONCLUSION**

For the reasons explained above, the court grants defendant Dickson's motion for a reduction of his sentence pursuant to § 3582(c)(2) (Doc. Nos. 23, 37) in part and reduces the term of imprisonment imposed in this case from 63 to 60 months with that term to be served consecutively to any undischarged term of imprisonment and with all the same terms and conditions originally imposed to remain in effect.  An amended judgment will be issued.  The court denies defendant's motion to the extent it challenges the BOP's award of time credits in connection with this case without prejudice to its renewal in the district where venue is appropriate.  The Clerk of the Court is directed to close this case once again.

IT IS SO ORDERED.

Dated:   **January 22, 2025**                  /s/ Dale A. Drozd
                                                DALE A. DROZD
                                                UNITED STATES DISTRICT JUDGE

6